Timothy J. Fierst, Esq. (TF 3247)
The Fierst Law Group P.C.
Attorneys for the Plaintiff
22 Bayview Avenue, Suite 202
Manhasset, New York 11030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
USA TROPICALS INC.

            Case No.

     *Plaintiff(s),*

            **COMPLAINT**

  *-against-*

THE ALPHAS COMPANY INC. and SHARON ALPHAS
individually and in any corporate capacity.

     *Defendant(s).*
------------------------------------------------------------------ X

  The Plaintiff, USA TROPICALS INC. as and for its Complaint against the Defendants THE ALPHAS COMPANY INC. and SHARON ALPHAS, Individually and in any corporate capacity, (Collectively the "Defendants") respectfully alleges as follows:

### I. Jurisdiction

1. Jurisdiction over the Defendants is based upon Section 5(c) of the Perishable Agricultural Commodities Act (the "PACA"), as amended, 7 U.S.C. § 499e, and pursuant to 28 U.S.C. §1331.

### II. Venue

2. Venue in this District is based on 28 U.S.C. § 1391 in that the substantial part of the events giving rise to the claims arose in this District.

1

## III. Parties

3. Plaintiff, USA TROPICALS INC. ("Plaintiff") is a New York corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereinafter referred to as "USA Tropicals" or "Plaintiff"). At all times hereinafter mentioned, Plaintiff was licensed dealer under the provisions of PACA. (PACA License Number: 20190425)

4. Defendant THE ALPHAS COMPANY INC. ("hereinafter referred to as "Alphas" or "Defendant") is a Massachusetts Corporation with its principal place of business located at 87-89 New England Produce Center, Chelsea, MA, 02150 doing business within the State of New York and this District and was, at all times pertinent herein was licensed as a dealer under the provisions of PACA. (PACA license number: 20170388)

5. Alphas, its agents, servants and employees has purchased perishable agricultural commodities exceeding $230,000.00 annually and/or is purchasing at least 2,000 lbs. of perishable agricultural commodities on any one day.

6. Defendant, SHARON ALPHAS ("hereinafter referred to as "Sharon " or "Defendant") is a principal officer, director and shareholder of Defendant Alphas, and a conscious moving force concerning the operations of that corporation whose decision it was to determine to whom payments of invoiced amounts would be made to sellers of perishable agricultural commodities delivered to it, as well as other payments to PACA beneficiaries, including but not limited to Plaintiff. The Defendant Sharon directed all of the activities and operations of Alphas.

7. The Defendant Alphas, and the Defendant Sharon are collectively referred to as the "Defendants."

2

## IV. Claims for Relief
### COUNT I
### Failure to Maintain PACA Trust
### 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)
### (Against Alphas)

8. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9. From October 22, 2018 through March 29, 2019, the Plaintiff sold and delivered to the defendant Alphas, at its request, in interstate commerce, perishable agricultural commodities. The invoices representing such purchases are annexed hereto as **Exhibit "A."**

10. Plaintiff duly delivered the perishable agricultural commodities to Alphas on the respective shipping dates.

11. Alphas received and accepted the perishable agricultural commodities from the Plaintiff without any objection.

12. Pursuant to the trust provisions of the PACA, at the time of receipt of said commodities, a trust was established in favor of the Plaintiff as to all commodities received by the Defendant, Alphas, all inventories of food or other products derived from said commodities (the "Proceeds"), and the proceeds from the sale of such commodities until full payment is made for said commodities by the defendant, Alphas, to the Plaintiff.

13. Plaintiff forwarded to Alphas the invoices corresponding to each shipment of Produce *See* **Ex. A.**

14. The Defendant, Alphas, has failed and refused to pay for the commodities despite repeated demands.

3

15. The Plaintiff furnished timely billings to the Defendant Alphas, which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5c of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities util full payment is received. In the event of the enforcement of our trust claim we will see to recover reasonable attorney's fees and the costs of recovery.

16. The Plaintiff is an unpaid supplier or seller of perishable agricultural commodities as those terms are used in the PACA. The amount due is SIXTEEN THOUSAND EIGHT HUNDRED TWENTY FIVE and 00/100 ($16,825.00) DOLLARS.

17. Upon information and belief, the Defendant, Alphas failed to hold, in trust for the benefit of the Plaintiff, such perishable agricultural commodities received by it from the Plaintiff, all inventories of food or other products derived from said commodities and any receivables or proceeds from the sale of said commodities in violation of the PACA.

18. The Defendant's, Alpha's accounts receivable and the proceeds thereof are PACA trust assets pursuant to 7 U.S.C. §499e(c).

19. The Defendant, Alphas, has received such PACA assets.

20. The Defendant, Alphas is a trustee, by operation of law, of such PACA assets.

21. Upon information and belief, the Defendant, Alphas, has retained such PACA assets and has refused to account to the Plaintiff as a PACA creditor.

22. The Defendant, Alphas, has been unjustly enriched as a result of its receipt and retention of the PACA assets to which the Plaintiff is entitled by statute. The Defendant cannot retain the

benefit of the PACA assets, and as such, is a trustee of such assets for the benefit of the Plaintiff.

23. Upon information and belief, certain of the PACA assets now held by the Defendant Alphas has been used by it in the ordinary course of its business operation or otherwise dissipated.

24. The Defendant, Alphas has been unjustly enriched to the extent that it has received the payment of PACA trust assets and the Plaintiff, as trust beneficiary has been damaged to the extent that such accounts receivable were so applied. Therefore, the Defendant Alphas is deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the Plaintiff as beneficiary. Pursuant to 7 U.S.C. §499e(c)(4), the Defendant Alphas must be ordered immediately to pay the sum of $16,825.00 with interest to the Plaintiff in full payment of its trust claim to the extent that such trust funds were received by the Defendant.

25. The Plaintiff requests that the Court declare the Defendant Alphas has violated the PACA and PACA regulations, requiring the Defendant Alphas to segregate from its other assets all of the PACA assets in its possession, custody or control of which the Plaintiff is a trust beneficiary and to maintain such PACA assets in a manner whereby they are freely available t satisfy the Defendant's obligations to pay to the Plaintiff the amount of $16,825.00; directing the Defendant Alphas promptly to make payment in the amount of $16,825.00 to the Plaintiff in accordance with the PACA and PACA regulations.

26. In the absence of such relief, the Defendant Alphas will continue to violate the PACA.

### COUNT II
### Dissipation of Trust Assets
### 7 U.S.C. §§ 499b(4), 499e(c), 499e(c)(2), 499e(c)(4)
### (Against All Defendants)

27. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 thorough 26 as if set forth fully herein.

28. Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from the Plaintiff by Alphas that were needed to make full payment promptly to trust beneficiaries as required by U.S.C. § 499e(c)(2), were improperly expended by the Defendant Alphas and the defendant Sharon for other purposes.

29. Upon information and belief, Defendants received funds subject to the trust arising under 7 U.S.C. § 499e(c), which should have been used to pay the Plaintiff's outstanding invoices but were not.

30. As a direct result of the dissipation of trust assets by the Defendant Alphas and the Defendant Sharon, the Plaintiff has suffered damages.

### COUNT III
### Failure to Pay Trust Funds
### 7 U.S.C. §§ 499b(4)
### (Against Sharon)

31. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 30 as if set forth fully herein.

32. The Defendant Sharon was an officer, director and shareholder of the defendant Alphas, in charge of directing the defendant's business, writing checks to pay the accounts payable of the corporate defendant Alphas, including but not limited to the Plaintiff, and as such had the power and responsibility to determine which creditors to pay instead of PACA beneficiaries such as USA Tropicals.

33. Sharon failed and refused to pay the Plaintiff $16,825.00 from the PACA trust, which sum is unpaid and overdue to the Plaintiff for the perishable agricultural commodities received and accepted by Sharon from Plaintiff.

34. The Defendant Sharon is personally responsible to pay all sums due to the Plaintiff.

35. For all the foregoing reasons, the Plaintiff has been damaged in the sum of $16,825.00.

## COUNT IV
### Breach of Fiduciary Duty / Non-Dischargeability/Failure to Pay for Goods Sold
(Against All Defendants)

36. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 35 as if set forth fully herein.

37. This Count is alleged to enforce the provisions of the PACA, specifically, 7 U.S.C. §§499b(4), 499e(a) and 499e(b), as follows:

> §499b. It shall be unlawful in or in connection with any transaction in interstate or foreign commerce:
>
> (4) For any commission merchant dealer or broker to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had; or to fail without reasonable cause, to perform any specification or duty, express or implied arising out of any undertaking in connection with any such transaction .
>
> §499e.
> (a) Amount of Damages. If any commission merchant, dealer or broker violates any provision of section 499b of this title he shall be liable to the person or persons injured thereby for the full amount of damages (including any handling fee paid by the injured person or persons under section 499f(a)(2) of this title) sustained in consequent of such violation.
> (b) Remedies. Such liability may be enforced either (1) by complaint to the Secretary as hereinafter provided, or (2) by suit in any court of competent jurisdiction; but this section shall not in any way abridge or alter the remedies now existing at common law or by statute, and the provisions of this chapter are in addition to such remedies.

7

38. Upon information and belief, the Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of the outstanding invoices for the Plaintiff.

39. Upon information and belief, Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to the Plaintiff as required by PACA, 7 U.S.C. § 499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. § 523(a).

40. As a direct result of the foregoing, Defendant Alphas and the Defendant Sharon, have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of the Plaintiff, and, as a direct result, the Plaintiff has suffered damages in the amount of $16,825.00.

### COUNT V
### Breach of Contract / Action on Account
(Against Alphas)

41. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 40 as if set forth fully herein.

42. From October 22, 2018 through March 29, 2019, Alphas contracted with the Plaintiff to purchase fresh fruits and vegetables on credit.

43. Pursuant to the payment terms between the Plaintiff and Alphas, Alphas is in default as to the Plaintiff on the amounts unpaid and outstanding.

44. Alphas breached the contract by failing and refusing to pay the Plaintiff $16,825.00. As a result, the Plaintiff has suffered damages.

## COUNT VI
### Interest and Attorney's Fees
(Against All Defendants)

45. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 44 as if set forth fully herein.

46. Pursuant to PACA, 7 U.S.C. § 499e(c), and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of the Plaintiff in order to make full payment to the Plaintiff of said amount, $16,825.00.

47. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, the Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trustees.

48. As a result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, the Plaintiff has lost the use of said money.

49. The Plaintiff will not receive full payment as required by PACA, 7 U.S.C. § 499e(c), if the Plaintiff must expend part of said payment on attorneys' fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

50. In addition to the above recitals, the Plaintiff maintains express claims for interest and attorneys' fees based upon the terms listed on each invoice, as between merchants, which were all bargained terms of the contract and are sums owing in connection with the produce transaction.

9

## PRAYER

1. **WHEREFORE,** the plaintiff prays that this court issue an Order:
    1. Granting judgment in favor of the Plaintiff and against each of the Defendants, jointly and severally, in the principal amount of $16,825.00, together with pre-judgment interest and post-judgment interest, attorneys' fees and costs.
    2. Declaring and directing the Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay the Plaintiff's principal trust claim of $16,825.00 plus pre-judgment interest, attorneys' fees and costs;
    3. Preliminarily enjoining, until the entry of the relief herein requested and compliance therewith, Defendants and their agents, employees and representatives from, in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;
    4. Declaring and directing Defendants to disgorge, assign, transfer, deliver and turn over to the Plaintiff as much of the above-described trust fund as is necessary to fully compensate to the Plaintiff for the damages it has suffered and continues to suffer;
    5. Granting the Plaintiff reasonable costs and expenses, including attorneys; fees in this action; and

6. Such other and further relief; whether in law or in equity, as this court deems just and proper.

Dated: February 13, 2020
  Manhasset, New York

Respectfully submitted,

THE FIERST LAW GROUP P.C.

By: _____
TIMOTHY J. FIERST ESQ. (TF-3247)
Attorney for Plaintiff
22 Bayview Avenue 202
Manhasset, NY 11030
(516) 586 - 4221